FILED
APR 0 5 2019
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RUSSELL SCOTT AVERY,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSEN,<br><br>Respondent. | Cause No. CV 18-69-M-DLC-JCL<br><br>FINDINGS AND<br>RECOMMENDATION OF U.S.<br>MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Avery's application for writ of habeas corpus. Avery is a state prisoner proceeding pro se.

Avery pled guilty in Montana's Fourth Judicial District Court to a charge of sexual intercourse without consent. On May 29, 2012, he was sentenced to serve 30 years in prison, with 20 years suspended. *See* Judgment (Doc. 5-1 at 1-11). (Avery's sentence changed after that, but the Montana Supreme Court ordered the original sentence reinstated.) The district court imposed 53 "terms and condition[s] of probation" that Avery must comply with when he completes his prison term and is released to serve the suspended portion of the sentence. In his federal petition, Avery contends that 11 of those conditions are "illegal." *See* Am. Pet. (Doc. 5) at 3 ¶ 15A.

1

Initially, the Court believed that procedural default and a time bar were clear enough to require Avery to show cause why his petition should not be dismissed. On considering Avery's response, however, it became apparent that the real issue is different.

28 U.S.C. § 2254(a) provides, in part, that a federal district court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." For federal habeas purposes, a person is "in custody" if he is in prison, or on parole, probation, or some other form of early, conditional release from a prison sentence, or if he is obliged to attend court hearings on pain of arrest. *See, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973).

Avery is certainly in custody pursuant to the judgment of a State court, as he is serving a sentence imposed by the Fourth Judicial District Court of the State of Montana. And when he discharges that portion of his sentence, he will still be in custody, because he will be subject to the conditions set forth in the same judgment.

But Avery does not seek relief from custody. He does not, and could not, argue that his release from prison must be unconditional or that the suspended portion of his sentence must be vacated. A finding that all 11 of the challenged

Initially, the Court believed that procedural default and a time bar were clear enough to require Avery to show cause why his petition should not be dismissed. On considering Avery's response, however, it became apparent that the real issue is different.

28 U.S.C. § 2254(a) provides, in part, that a federal district court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." For federal habeas purposes, a person is "in custody" if he is in prison, or on parole, probation, or some other form of early, conditional release from a prison sentence, or if he is obliged to attend court hearings on pain of arrest. *See, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973).

Avery is certainly in custody pursuant to the judgment of a State court, as he is serving a sentence imposed by the Fourth Judicial District Court of the State of Montana. And when he discharges that portion of his sentence, he will still be in custody, because he will be subject to the conditions set forth in the same judgment.

But Avery does not seek relief from custody. He does not, and could not, argue that his release from prison must be unconditional or that the suspended portion of his sentence must be vacated. A finding that all 11 of the challenged

conditions violate the Constitution would change neither the fact nor the duration of Avery's custody. If Avery's conditional release had been revoked based on his violation of a condition he believes to be unconstitutional, then a decision in his favor clearly would affect the fact or duration of his custody. But that is not the case here. Avery's arguments about the conditions of his suspended sentence are not cognizable in habeas at this time. *See Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc).

In addition, Avery's claim is not ripe. "[I]t rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). When Avery is released to begin serving his suspended sentence, the probation office and the county attorney will have an opportunity to review his conditions and address any constitutional issues. *See* Mont. Code Ann. § 46-23-1011(5)(a), (c) (2017). This is sensible, because conditions may be imposed many years before they amount to any restraint on a person's liberty, and a condition that seems mundane when imposed may become objectionable as underlying circumstances change. For this Court, at this time, to examine the conditions described in the judgment would draw perilously near to "grading the papers" of the state court. *See, e.g., Cruz v. Miller*, 255 F.3d 77, 86 (2d Cir. 2001). Adopting Avery's position could only lead to corrections in the wording of a condition that has not yet had any particularized and concrete impact

on Avery. *See, e.g., United States v. Purvis*, 940 F.2d 1276, 1278 (9th Cir. 1991).

Avery cannot proceed in this Court at this time. He does not challenge the fact or duration of current or future custody, so the Court has no jurisdiction under 28 U.S.C. §§ 2254 or 2241. The petition should be dismissed.

A certificate of appealability should be granted. Reasonable jurists might find that at least one of Avery's conditions unconstitutionally infringes on his liberty and, as to the procedural ruling, there does not appear to be a Ninth Circuit decision squarely on point. *See* 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (Docs. 1, 5) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Avery may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Avery must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 5th day of April, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

5