IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
11/22/2019
Clerk, U.S. District Court
District of Montana
Helena Division

| | |
|---|---|
| RUSSELL SCOTT AVERY, Petitioner, vs. JAMES SALMONSEN, Respondent. | Cause No. CV 18-69-M-DLC<br><br>ORDER |

On June 10, 2019, the Court entered Judgment dismissing without prejudice Petitioner Avery's application for writ of habeas corpus. A certificate of appealability was granted. *See* Order (Doc. 14); Judgment (Doc. 15). On November 21, 2019, the clerk received a letter from Avery (Doc. 16) stating that he "sent out" a notice of appeal on June 24 and had "yet to get a response."

The Court did not receive a notice of appeal. At this point, the Court has no authority to extend the time to appeal. *See* Fed. R. App. P. 4(a)(1)(A), (5)(A)(i); *Bowles v. Russell*, 551 U.S. 205, 206–07 (2011). Avery timely received the final order in the case, so the time to appeal cannot be reopened. *See* Fed. R. App. P. 4(a)(6)(A).

But Avery's appeal might have been timely. A prisoner's notice of appeal is filed when it is delivered to prison authorities for mailing. *See Houston v. Lack*,

1

487 U.S. 266, 276 (1988). Avery's brief statement that he "sent out" his notice of appeal does not show whether he sent the notice directly to the Court or asked a friend to mail it. He also does not explain whether he used the prison's mail system and prepaid the postage or gave the notice to a visiting friend for mailing. *See* Fed. R. App. P. 4(c)(1).

Avery must prove he filed on time. He will have an opportunity to do so. He must comply with Appellate Rule 4(c) and must also request mail logs from the Great Falls Regional Prison to determine whether they have a record of his mailing anything on June 24 and, if so, to whom.

Accordingly, IT IS ORDERED that Avery must respond to this Order on or before **December 23, 2019.**

The clerk will provide a copy of Federal Rule of Appellate Procedure 4(c) with Avery's service copy of this Order.

DATED this 22nd day of November, 2019.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court

# Federal Rule of Appellate Procedure 4.

. . .

**(c) Appeal by an Inmate Confined in an Institution.**

  **(1)** If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:

  **(A)** it is accompanied by:

   **(i)** a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid; or

   **(ii)** evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or

  **(B)** the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

  **(2)** If an inmate files the first notice of appeal in a civil case under this Rule 4(c), the 14-day period provided in Rule 4(a)(3) for another party to file a notice of appeal runs from the date when the district court dockets the first notice.

  **(3)** When a defendant in a criminal case files a notice of appeal under this Rule 4(c), the 30-day period for the government to file its notice of appeal runs from the entry of the judgment or order appealed from or from the district court's docketing of the defendant's notice of appeal, whichever is later.